## COSTELLO v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, First Department. April 9, 1897.)

TRIAL—PREFERENCE—RIGHT OF INFANT.
 The right of an infant plaintiff to preference of trial (Code Civ. Proc.
 § 791, subd. 5) is not lost because his counsel, when the case was called,
 was trying a case in another court; rule 5 of the judicial department pro-
 viding that a cause on the day calendar for trial shall be passed for the
 day, where it is shown by affidavit that counsel is actually engaged in the
 trial of a cause in a court of record.

Appeal from special term, New York county.

Action by John Costello, an infant, by his guardian ad litem,
against the Third Avenue Railroad Company, for personal injuries.
From an order denying a motion to restore the cause to the preferred
calendar of part 2, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS,
PATTERSON, and PARKER, JJ.

Edmund Luis Mooney, for appellant.
Henry L. Scheuerman, for respondent.

RUMSEY, J. The plaintiff being an infant, the cause was en-
titled to a preference, under subdivision 5 of section 791 of the Code
of Civil Procedure, and it was regularly put upon the preferred calen-
dar, and set down for the 13th day of November, 1896. It first ap-
peared, however, on the day calendar of the preferred causes on the
11th of January, 1897; and on that day, by request of counsel, and
with the permission of the court, it was set down for the 25th day
of January, 1897. It did not, however, appear again on the day
calendar until the 3d of February, upon which day it was called in
due course by the judge presiding at the term. When it was called,
it was made to appear to the court, by affidavit, that the counsel who
was expected to try the case was actually engaged in the trial of a
case in another part of the court, which had commenced on the 1st
day of February, and before this case was put upon the day calendar
under its last adjournment. The court was thereupon requested to
let the case stand over the day, to enable the counsel to finish the
trial of the case, or to allow other counsel to prepare to try the case
in his stead. This application was refused, and the case was sent
back to the general calendar. Thereupon a motion was made to
the court to restore the cause to the preferred calendar, and, upon
the denial of that motion, this appeal was taken.

We think the motion should have been granted. The counsel for
the plaintiff appears to have been regular in all respects, and to have
acted clearly within his rights in asking that the case stand over
until the next day, when it was called on the 3d of February. Rule
5 of this department prescribes that "when a case is on the day calen-
dar for trial, where it shall appear to the court by affidavit that
counsel who is to try the case * * * is actually engaged in the
trial of a cause in a court of record in the city of New York, * * *
the case shall be passed for the day, or until such argument or trial

is concluded, unless the trial in which counsel is engaged is a protracted one." The necessary proof was made to the court in this case by affidavit, as required by the rule, and it was made at the proper time; that is, as soon as the case was called upon the day calendar, and before it was marked "Ready." The plaintiff then had a right, under the provisions of the rule above quoted, to have the case stand over the day, unless it was made to appear that the facts stated in his affidavit were not true. But these facts were not denied, and for that reason it was erroneous to refuse to let the case stand for the day, and the plaintiff did not forfeit his right to have his case remain upon the preferred calendar. If a party desires to avail himself of the fact that the counsel who was to try the case is actually engaged in the trial of another case, the attention of the court should be called to such engagement in the proper way when the day calendar is called at the opening of the court; and, if counsel at that time answer that the case is ready for trial, they cannot complain if, when the cause is reached in the order for trial on that day, the court refuses to permit them to postpone it, because of an excuse which existed, or which it was known might exist, at the time when the case was marked "Ready," and which should have been presented at that time. But nothing of that sort is made to appear here. The proof of the engagement of counsel was offered at the proper time, and in the proper way, and the plaintiff was entitled to have his case stand over the day, to enable him to make arrangements for its trial on the next day. He has not forfeited his right to the preference which the law gives him. Therefore the order appealed from should be reversed, with $10 costs and disbursements, and the motion to restore the case to the preferred calendar granted, with $10 costs. All concur.